**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STACEY KILE, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-cv-218 |
| v. | (JUDGE CAPUTO) |
| PROGRESSIVE INSURANCE CORPORATION | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is the Plaintiff's Complaint. (Doc. 1). Because the Complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed unless the Plaintiff timely amends.

## I. Background

Plaintiff Stacey Kile filed this action on February 3, 2012. The action alleges breach of contract and bad faith[1] in Defendant Progressive Insurance Corporation's handling of Plaintiff's underinsured motorist claim. The Complaint alleges that the Plaintiff, Stacey Kile, is "an adult and competent individual who currently resides at 452 West Eighth Street, Wyoming , Luzerne County, PA 18644." (Compl. at ¶ 1, Doc. 1). Additionally, the Complaint avers that Defendant Progressive Insurance Corporation "is headquartered at 6300 Wilson Mills Road, Mayfield Village, Ohio, with its processing center located in Los Angeles, California, and PROGRESSIVE also has local offices at 2200 Stafford Avenue, Scranton, Lackawanna County, PA." (*Id.* at ¶ 2).

---

[1] Pursuant to 42 Pa. C.S.A. § 8371.

## II. Analysis

Plaintiff does not allege the Court's basis for jurisdiction in her Complaint. This is a violation of Federal Rule of Civil Procedure Rule 8 which requires "a short and plain statement of the grounds for the court's jurisdiction." However, as this action contains no claims pursuant to federal law, the Court determines that any jurisdiction over this matter must arise under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### 1. Citizenship of Plaintiff Stacey Kile

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent the Complaint alleges that Kile "resides" in Wyoming, Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). The Court therefore finds that Complaint has not properly plead Plaintiff's citizenship for the purposes of diversity jurisdiction.

### 2. Citizenship of Defendant Progressive Insurance Corporation

By contrast, a corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a*

3

principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Therefore, insofar as Plaintiff avers to Progressive's headquarters, processing center or local offices, these facts are irrelevant. Therefore, the Court also finds that the Complaint has failed to sufficiently plead the citizenship of the corporate Defendant for the purposes of diversity jurisdiction.

However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving her Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Kile will be given twenty-one (21) days in which to file an amended complaint.

### III. Conclusion

Plaintiff's Complaint fails to show the existence of subject matter jurisdiction. However, Kile will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists.  Plaintiff will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed.  An appropriate order follows.


 February 10, 2012                                                          /s/ A. Richard Caputo            

Date                                                            A. Richard Caputo
                                                                United States District Judge